## 51671. HAWKINS v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of burglary. He appeals.

A DeKalb County policeman testified that he answered a burglar alarm at a drug store where he found a hole in the roof of the building and observed the defendant and another individual inside "taking articles off the shelves." He called for assistance from other officers but prior to arrival, the defendant and the other person managed to escape. The operator of the pharmacy testified that defendant had no authority to enter the premises and that a quantity of drugs, cash, and syringes had been taken. Another police officer testified that some time after the burglary defendant was arrested at an apartment as an incident to the execution of a search warrant where an unspecified quantity of drugs, physicians' prescription blanks and syringes was seized. None of this physical evidence was shown to have been taken during the burglary of the pharmacy. The syringes were the only items offered in evidence. In ruling on the

tender the trial court stated: ". . .The jury can take and consider what they have heard orally, but we will not allow this evidence to go out. . . They [syringes] were not identified as being the ones that were taken out of there, and there is no proof that they were even in there. I will not let any of that go out with the jury." A motion for mistrial was made on the ground that the testimony of this witness had improperly placed defendant's character in issue in that it ". . .does indicate another crime, . . . possession of possibly illegal drugs." The motion was denied. *Held:*

1. There was no error in denying the motion for mistrial. The trial court in making its ruling made it clear to the jury that the state had not connected the physical evidence seized to the burglary and would not allow the admission of any of it, but nonetheless allowed the jury to consider the officer's testimony that he had seized these items at the time he arrested defendant. In *State v. Luke,* 232 Ga. 815 (209 SE2d 165) it was held that all circumstances connected with the arrest of the defendant are admissible and may be weighed by the jury "for what they are worth." The testimony of the arresting officer falls within the holding in the *Luke* case.

2. The state's evidence authorized the conviction of burglary. Thus it was not error to deny the motion for directed verdict of acquittal.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED JANUARY 13, 1976 — DECIDED FEBRUARY 3, 1976.

*Sallie Rich Jocoy,* for appellant.
*Richard Bell, District Attorney, Calvin A. Leipold, Assistant District Attorney,* for appellee.