## 31012. HOWARD v. THE STATE.

HILL, Justice.

Certiorari was granted to determine whether it was error in this criminal case to instruct the jury pursuant to Code § 38-409 that acquiescence or silence, when the circumstances require an answer or denial, may amount

to an admission.

The Court of Appeals in a panel decision (*Howard v. State,* 137 Ga. App. 352 (223 SE2d 745) (1976)), found no error in this charge under the decisions of this court. One judge concurred specially, observing that he disagreed with those decisions of this court by which he felt bound. Following our grant of certiorari, the United States Supreme Court rendered its decision in Doyle v. Ohio, ——U. S.—— (96 SC 2240, 49 LE2d 91), discussed below.

The defendant was found guilty of burglary. He had been apprehended by police near the scene of the burglary and taken to the victim's house for identification. Although he was in physical custody, the police had not yet advised him of his Miranda rights. The victim identified the defendant as the burglar. When she did so, the defendant remained silent.

At trial the judge asked the arresting officer what the defendant said when the victim said, "That's him." The officer replied, "nothing." The defendant took the stand and on cross examination by the state did not contradict the officer's testimony.

The trial court charged the jury according to Code § 38-409 which provides: "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission."[1] The defendant contends that this instruction violated his right not to incriminate himself in that it penalized him for exercising his right to remain silent. Defendant does not argue that his silence could not be evidence to be considered by the jury (see discussion of Doyle v. Ohio, infra). His sole contention is that the jury charge on silence was unconstitutional. He urges that because he was in police custody at the time, he had the right to remain silent and that it was error to instruct the jury according to Code § 38-409.

---

[1] It should be noted that the essence of this Code section appears in the pattern jury instructions prepared by the Council of Superior Court Judges for use in civil cases. It does not appear in the council's pattern instructions for use in criminal cases.

The Fifth Amendment of the United States Constitution states that no person "shall be compelled in any criminal case to be a witness against himself." This portion of the Fifth Amendment is applicable to the states through the Fourteenth Amendment. Malloy v. Hogan, 378 U. S. 1 (84 SC 1489, 12 LE2d 653) (1963). Our Constitution has a similar provision: "No person shall be compelled to give testimony tending in any manner to criminate himself." Code Ann. § 2-106.

The well known decision of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), applied the privilege against incrimination to police interrogation of a suspect. In footnote 37 (p. 468) the court said: "In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation." Miranda held that the person in custody must be informed that, among other rights, he has the right to remain silent. The right to remain silent when under police interrogation existed prior to Miranda, which dealt with the requirement of giving notice of that right. The defendant in the case before us had the constitutional right to remain silent, whether or not he had been so informed via the Miranda warning.

In the recent case of Doyle v. Ohio, 49 LE2d 91, supra, the court held that the use of petitioner's silence *solely for impeachment purposes* after arrest and after Miranda warnings had been given, violated the due process clause of the Fourteenth Amendment. It thus is apparent that use of petitioner's silence as evidence of guilt would be unconstitutional.

From the foregoing it is clear that the constitutional privileges against self-incrimination are applicable to post-arrest, pre-trial police interrogation as well as to the trial itself (i.e., the accused cannot be compelled to testify at trial).

In Griffin v. California, 380 U. S. 609 (85 SC 1229, 14 LE2d 106) (1965), the court had before it an instruction by the trial judge that upon the defendant's failure to take the stand at trial and deny or explain the evidence against

him, the jury could take the defendant's silence as indicating the truth of that evidence. The court held that such charge is forbidden by the Fifth and Fourteenth Amendments. "What the jury may infer, given no help from the court, is one thing. What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another." Griffin, supra, at 614.

The state in this case argues that because defendant Howard's silence was not in response to police interrogation, but instead followed a statement by the victim, the Fifth Amendment offers no protection. The police stopped and frisked the defendant and took him to the scene of the burglary where the victim identified him. They were present when the victim said "that's him" and the defendant stood silent. The confrontation was conceived and executed by the police. We, therefore, are unable to look only at the identification by the victim so as to find an absence of police involvement. Instead we must find that this was tantamount to police interrogation of a suspect in which his right to remain silent must be recognized.[2] Miranda v. Arizona, supra.

The state argues further that Code Ann. § 38-409 has withstood challenges on Fifth Amendment grounds before. *Bennett v. State,* 231 Ga. 458 (2) (202 SE2d 99) (1973); *Emmett v. State,* 195 Ga. 517 (2) (25 SE2d 9) (1943); *Kalb v. State,* 195 Ga. 544 (2) (25 SE2d 24) (1943). *Emmett v. State* and *Kalb v. State,* supra, were decided before Malloy v. Hogan and Miranda v. Arizona, supra. Re-examination of *Bennett v. State,* supra, in light of the continued concern with which the U. S. Supreme Court views encroachment upon the right not to testify against oneself, Doyle v. Ohio, Griffin v. California, and Miranda v. Arizona, supra, leads us to the conclusion that Division 2 of *Bennett v. State* must be overruled as well as its predecessors, *Kalb v. State* (Division 2) and *Emmett v.*

---

[2]Because of the participation by police in this case, we do not here decide whether silence by a person not in custody accused of a crime by a citizen, might invoke the provisions of Code § 38-409. See *Bloodworth v. State,* 216 Ga. 572 (3) (118 SE2d 374) (1961).

*State* (Division 2).

We hold that it is reversible error to instruct the jury in a criminal case according to Code § 38-409 that silence or acquiescence by a person in police custody may amount to an admission (of guilt). Restated, we hold that, in view of Miranda, police interrogation is not such a circumstance as requires an answer or denial so as to authorize charging Code § 38-409 in a criminal case.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 14, 1976 — DECIDED SEPTEMBER 8, 1976.

*Jack H. Affleck,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.