## 31574. TUCKER v. THE STATE.

JORDAN, Justice.

Appellant was tried and convicted of the murder of Ada Mae Tucker, his estranged wife. He received a sentence of life imprisonment and appeals.

1. The first enumeration of error alleges that the trial court erred in refusing to allow the defense to question a state's witness outside the presence of the jury. No authority is cited in support of this enumeration.

The record discloses that when the arresting officer was first called by the state, counsel for the defense expressed to the court his concern that the officer might testify to statements made by the accused at the time of arrest. The court stated that the defense could "just make an objection at the proper time." To this direction, counsel for the defendant replied, "All right." No further request or objection was made. There is no merit in this enumeration.

2. Error is alleged, in the second enumeration, to the admission of statements made by the accused prior to his being given his Miranda warnings.

The record reveals that when the officer, who subsequently made the arrest, approached the appellant's apartment, appellant opened the door and said "Officer, I shot my wife. I think she's dead." The officer immediately observed the body of the victim through the open doorway and asked the appellant, "Where is the weapon?" Appellant responded by taking a pistol out of his jacket and handing it to the officer.

First, the record shows that no objection was raised to the admission of this evidence. Absent such an objection, no error may be urged on appeal. *Mallory v. State,* 230 Ga. 657 (198 SE2d 677) (1973).

Secondly, it is clear that the verbal statement by appellant was made voluntarily, prior to his being taken into custody, and not in response to any question. There can be no doubt as to its admissibility.

Pretermitting the question of whether appellant was "in custody" at the time of the officer's inquiry and the appellant's response as to the whereabouts of the weapon, we find the question by the officer here similar to the

"threshold inquiry" dealt with extensively by this court in *Shy v. State,* 234 Ga. 816 (218 SE2d 599) (1975). What was said there applies here: "[W]e believe that in the present case the police officer was not interrogating appellant for the purpose of obtaining evidence to establish appellant's guilt of a crime. . . The single threshold inquiry. . . , which evoked the statement by appellant, could easily have been directed towards ascertaining if there were any current danger to the officer or to others present at the scene." Id., p. 823.

Thus even if appellant were in custody, which we do not decide, the statement was admissible despite the absence of Miranda warnings. There is no merit in the second enumeration.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 24, 1976 — DECIDED OCTOBER 19, 1976.

*James R. McGraw,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.