### 33093. DeBERRY v. THE STATE.

HALL, Justice.

A dispute between the DeBerry and Decker families culminated in a shooting in which Carl Decker was killed, and his pregnant wife wounded in the face. Appellant, Raymond DeBerry, was convicted of the murder of Carl Decker, and aggravated assault on Mrs. Decker, and given concurrent sentences of life and ten years.

Appellant claimed he was cornered by the victims in the parking lot of a store, and that Mr. Decker attempted to shoot him with a pistol that misfired. At that time appellant was in his truck, and attempted to escape in that vehicle. He fired his gun to "distract" Mr. Decker. This shot was fired while appellant was maneuvering the truck, and was not deliberately aimed at the Deckers. According to appellant, this one shot hit both Mrs. Decker (in the face), and then Mr. Decker (in the back of the head). Appellant asserted self-defense.

Mrs. Decker's testimony was substantially different. She and her husband were followed to the store, where appellant confronted them. Appellant fired two shots, killing Mr. Decker with the first. He then turned to Mrs. Decker, said: "You, too," and shot her. According to Mrs.

Decker her husband was unarmed. No gun was found at the scene by the police, who arrived within minutes.

1. Early in the state's case-in-chief a police officer testified without objection that appellant made no statements to the police when he was arrested. Appellant claims this violated his rights under the Fifth Amendment to the United States Constitution as interpreted by Miranda v. Arizona, 384 U. S. 436, 468, n. 37 (1966), Doyle v. Ohio, 426 U. S. 610 (1976), and *Howard v. State,* 237 Ga. 471, 473 (228 SE2d 860) (1976). We agree, but we also find that appellant waived his right to complain of this defect.

The objectionable testimony included only the following, relating to appellant's conduct when arrested: "Q. Did he make any statements to you? A. No sir. Q. Did he say where he had been, or anything? A. No, sir." Defense counsel did not object to these questions at any time, but raised the issue for the first time in a motion for a new trial. Moreover, defense counsel later asked the same witness questions on the same subject, and elicited answers which tended to impeach the answers quoted above: "Q. Trooper, did Mr. DeBerry, when you started to talk to him, did he say where he was going? A. I am sorry, sir, I don't recall if he did, he may have. Q. You don't remember him saying he was going home? A. He could have said that, I am sorry." Whether or not the failure to object alone would have amounted to a waiver, the failure to object coupled with a later interrogation by defense counsel on the same subject amounted to a waiver of the objection to the earlier questions. See *Sullens v. State,* 239 Ga. 766, 767 (238 SE2d 864) (1977); *Patterson v. State,* 233 Ga. 724, 730-731 (213 SE2d 612) (1975).

In the cases relied upon by appellant a timely objection was made to the prejudicial comments. See Doyle v. Ohio, 426 U. S. 610, supra, at 614; United States v. Impson, 531 F2d 274, 276 (5th Cir., 1976). Moreover, there is no indication that defense counsel in those cases inquired about the same matter.

Had counsel objected in this case the trial judge would have taken appropriate corrective action, since the transcript clearly reveals that the judge knew of the principle applied in Doyle v. Ohio, supra, and was anxious

to enforce that rule. Indeed, shortly after the above testimony the judge, on his own motion (out of the presence of the jury), warned the prosecutor not to ask about whether or not appellant had made any statement to the police. No objection was made to the earlier testimony even at this point, and we conclude that there was a knowing and deliberate waiver of this issue.

2. Appellant contends that it was reversible error to fail to charge without request on accident or misfortune. Code § 26-602. While appellant admitted that he intentionally fired one shot, he testified that he did not deliberately aim at the victims, and that he did not intend to kill them. This testimony was not inconsistent with the physical evidence so far as we can determine, but it directly contradicted Mrs. Decker's testimony.

Viewing the evidence most favorably to appellant, a charge on accident or misfortune should have been given. *Teasley v. State,* 228 Ga. 107, 110 (184 SE2d 179) (1971). Appellant did not state that the gun was fired accidentally, but rather that the bullet which was deliberately fired struck the victims by misfortune or accident. *Teasley* is the only case in Georgia closely on point, so far as we can determine. In that case the defendant deliberately fired at the lock on a metal box, and he contended that the bullet ricocheted, striking the victim. Where a bullet is deliberately fired and strikes a target which it was not intended to hit, the defendant may be found not guilty of murder on the basis that the death was due to an accident or misfortune. The evidence in this case would have permitted such a finding, since appellant specifically stated that he did not deliberately aim at or intend to shoot the victims, but rather intended to miss them.

Nevertheless, we find the failure to charge on this principle to be harmless error. Under the charge in this case the jury was authorized to find the defendant guilty of murder only if it found that he actually intended to kill the deceased. The jury was told that this intent had to be proven beyond a reasonable doubt. A charge on accident or misfortune under the circumstances would have done no more than point out what was already clear in this charge, i.e., that if the jury believed that appellant did not

intend to kill Mr. Decker when he fired, but rather intended only to scare him, or that there was a reasonable doubt as to his intent to kill, they should not find him guilty of murder. In finding appellant guilty of murder the jury must have chosen to disbelieve appellant's testimony that he intended only to scare the victims. The failure to charge on accident or misfortune without request was not reversible error in this case. See Code § 70-207 (c).

As to the conviction for aggravated assault on Mrs. Decker, a charge on accident or mistake was not appropriate. Appellant's testimony established that he deliberately fired his gun in the direction of the victims to "distract" Mr. Decker, who allegedly had a gun. Deliberately firing a gun in the direction of a human being in order to "distract" him raises no issue of accident or misfortune when the charge is aggravated assault. Since Mrs. Decker must have been in near proximity to Mr. Decker under appellant's version of the story, his shot could not be said to have *accidentally* placed her in reasonable apprehension of immediately receiving a violent injury; such apprehension was the inevitable and foreseeable result of the shooting.

3. Whether or not it was error to exclude testimony of Sanford DeBerry with regard to threats made by the deceased against appellant's family, any error was harmless since there was other testimony of these threats before the jury without objection. Sanford DeBerry's testimony would have been merely cumulative.

4. The trial court correctly denied the requested charges on defense of third persons, defense of habitation, and the use of force to prevent or terminate a trespass. None of these requested charges was supported by any evidence.

*Judgment affirmed. All the Justices concur, except Bowles and Marshall, JJ., who concur in the judgment only.*

Argued January 16, 1978 — Decided April 4, 1978 — Rehearing denied April 19, 1978.

*William Ralph Hill, Jr.,* for appellant.

*William M. Campbell, District Attorney, Craig Gillen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.