## 62612. MEEKS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, along with two others, in four counts for the offenses of armed robbery with reference to three separate victims (three counts) and burglary (one count) in unlawfully entering a dwelling with the intent to commit a theft therein.

Defendant was tried separately and found guilty of burglarizing the dwelling house (one count — burglary) of two of the victims (husband and wife) and guilty as to armed robbery (two counts) with reference to these two victims but not guilty of armed robbery as to a third individual who was visiting in the dwelling. Defendant was sentenced to a term of 12 years on each count to run concurrently. Defendant's motion for new trial was filed and denied after a hearing, and the defendant appeals. *Held:*

1. The substance of the state's case against this defendant was that she was a party to the crime, that is, she aided and abetted another person who committed the crimes although she was never present in the dwelling where the alleged crimes occurred. The substance of six of the defendant's enumerations of error involve the allowance in evidence over objection of the testimony of the sheriff with reference to a telephone call to the defendant while she was in custody, after employment of counsel, in which the sheriff had one of the co-indictees ask her an incriminating question, that is, in using this co-indictee as the alleged agent of the state by placing the call to the defendant and have the co-indictee ask her about the location of a diamond ring without advising her of her right to remain silent in which she contends the statement made by her was done through the disguise of being led to believe she was not going to be prosecuted and in not advising her that any statement she might make could be used against her. Her other enumerations of error are that all of the testimony and evidence against her was circumstantial in nature and not sufficient to warrant her conviction here. We deal with the sufficiency of the evidence question first.

The state's evidence shows the following: At the time the victims' home was burglarized and they were robbed, each of them by the use of handguns, they were thereafter bound and items pilfered from their home, the telephone at the residence rang constantly and from time to time this co-indictee would answer the telephone and would converse with someone on the telephone. Thereafter, the third victim (the visitor) entered the dwelling and he was likewise bound and he overheard the telephone calls and observed the robber carrying on a conversation with someone on the telephone. After one last conversation the robber departed with the loot he had accumulated and carried it away in the third victim's automobile. The identity of the robber (the co-indictee) was established as one sharing an apartment with the defendant in the Atlanta area. This was the same apartment where the defendant was residing at the time of her arrest; defendant was observed in possession of the automobile that had been loaned to the co-indictee for the weekend; and she was observed making numerous telephone calls from a pay station near

the victims' residence. The stolen automobile was located, and investigating officers observed high heel shoe prints at the location of the said stolen vehicle. During the investigation the co-indictee was arrested in Washington, D. C., and during the return trip to Georgia from Washington, this co-indictee agreed to assist the authorities in locating some of the property stolen during the burglary-robbery. A stop was made in Atlanta, Georgia for this purpose. The co-indictee indicated that he could locate an expensive diamond ring if he could be allowed to talk to the defendant who was at that time being held in the local county jail; advising the sheriff that the defendant knew where it was and if he would get her on the telephone, "she will tell me where it is." The sheriff placed a call to the jail during the early morning hours and requested that the defendant be called to the telephone. The purpose of the call was to recover the diamond ring. As soon as the defendant was on the line the sheriff gave the telephone receiver to the co-indictee, the sheriff hearing only the co-indictee's end of the conversation. The sheriff heard the co-indictee say, "everything is all right, you can trust me." At the conclusion of the telephone conversation between the co-indictee and this defendant, the co-indictee took the sheriff to the ring which was secreted in the apartment which the co-indictee shared with the defendant. Other items of merchandise which were stolen were located in other parts of Atlanta, and some steaks that were also taken in the robbery were recovered from the freezer compartment of the refrigerator.located at the apartment where the ring was found.

It is noted here that during the Jackson v. Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing prior to allowing the testimony of the sheriff in evidence, the defendant was called as a witness and acknowledged that the sheriff had called her up long distance, and that she was allowed to talk to him at the jail. The sheriff had called her to the telephone, said he was in Atlanta and had someone who wanted to speak to her, and he then put the co-indictee on the telephone; that he told her he was going to get her "out of this mess, and that was it." She testified that she, "knew nothing about the ring," the co-indictee did ask her about the ring, but that she had answered that, "she didn't know where the ring was." She testified that the sheriff had not informed her of her rights prior to the conversation, had made her no promises and this was the substance of the conversation, but anything that she said in that conversation was "freely and voluntarily" made by her. It is noted that no promises were made, and she was not forced to say anything.

Defendant's argument is that the evidence against her is only circumstantial and to warrant a conviction against her the proved facts shall not only be consistent with the hypothesis of guilt but shall

exclude every other hypothesis save that of the guilt of the accused, and the evidence is simply insufficient to convict her of the crime charged. See Code §§ 38-109 and 38-110. The defendant contends that there was no identification that the heel prints found at the stolen automobile were hers or any other persons, or that she was the person who placed the calls to the co-indictee at the time of the crimes; or that she was the driver of the automobile testified to by another witness, and for three weeks, during which she was in custody, others had access to the apartment where the diamond ring was found; hence the evidence adduced was simply not sufficient for the jury to convict her as a party to the crime that is, aiding and abetting in the commission of same. While the evidence against the defendant was certainly circumstantial, nevertheless there was sufficient evidence for the jury to determine that she aided and abetted the commission of the crimes so as to exclude every reasonable hypothesis save that of her guilt. *Bogan v. State,* 158 Ga. App. 1 (279 SE2d 229). While the evidence was indeed circumstantial, particularly as to the location, some three weeks after her arrest and incarceration, of the hidden diamond ring and the stolen meat in a dwelling apartment in which she had formerly resided, nevertheless this was for jury determination in considering the totality of the evidence against her as to her guilt or innocence. *Bogan v. State,* 158 Ga. App. 1, supra. We have carefully reviewed the entire record and transcript and are of the opinion that a rational trier of fact could reasonably have found from the evidence adduced at the trial proof of defendant's guilt beyond a reasonable doubt, hence the trial court did not err in denying the motion for new trial based on the general grounds as the evidence was sufficient to support the verdict of guilty. See *Tucker v. State,* 244 Ga. 721, 722-723 (261 SE2d 635); *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348).

2. Defendant's remaining enumerations of error are concerned with the allowance in evidence of the sheriff's testimony over objection with reference to the early morning telephone call to the defendant while in custody (for more than three weeks) without her counsel being present (who would have objected to her so discussing the case over the telephone) in violation of her Sixth and Fourteenth Amendment rights; and that the co-indictee was acting as agent of the sheriff when he asked her about the ring without advising her of her right to remain silent and in leading her to believe that she was going to get out without being advised that any statement she might make could be used against her. However, the trial court did not err in

admitting the testimony of the sheriff regarding the telephonic conversation between the co-indictee and this defendant, that is, as to what he heard the co-indictee say. No witness testified to anything allegedly said by the defendant during this conversation, as the sheriff merely related what occurred within his presence. The trial court correctly ruled that no evidence was offered to show that the defendant had made any incriminatory admissions to the co-indictee or that this co-indictee was acting as agent of the state. Further, the conversation could be termed as a post-conspiratory statement in which the criminal conspiracy was still in progress, hence admissions by one conspirator with reference to the location of the diamond ring was admissible against the other conspirator, this defendant. See *Knight v. State,* 239 Ga. 594, 596 (2) (238 SE2d 390). We do not find the testimony of the sheriff in this instance to be subject to exclusion for any reason assigned.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1981.

Millard B. Shepherd, Jr., for appellant.
H. Reginald Thompson, District Attorney, Richard A. Malone, Assistant District Attorney, for appellee.