## 63503. HAMILTON v. THE STATE.

BIRDSONG, Judge.

Roger Hamilton was convicted of armed robbery and aggravated assault. He was sentenced to life imprisonment for armed robbery and ten years for aggravated assault to be served concurrently. Hamilton brings this appeal enumerating two errors. *Held:*

1. The facts show that Hamilton and two others robbed a motel at Camilla at the point of a pistol. When the motel manager grabbed the barrel of the pistol and struggled with Hamilton who had pointed the pistol at the victim, one of Hamilton's accomplices picked up a potted plant and broke it over the head of the victim. The two robbers then took the victim's wallet containing several hundred dollars and cleaned out the cash drawer of the motel office. The two men fled to a waiting car and sped away from the scene. A driver's license recovered at the scene, was identified as belonging to Hamilton. A check with police in Hamilton's home (Folkston) disclosed that Hamilton would be driving a 1967 or 1968 Plymouth Fury. The motel owner earlier had seen a similar car bearing three passengers. A lookout was placed for such a car with three passengers. About 45 minutes later, at approximately 2:00 a.m. officers observed a 1967 or 1968 black Plymouth Fury with three passengers about a mile from the motel. When the patrol car made a U-turn to fall in behind the Fury, it appeared to make evasive manoeuvres and went down a dead-end street. The patrol officers were able to stop the vehicle and observed in the console of the car several rolled tubes of coins. The three men were apprehended and immediately taken back to the motel. The manager promptly identified Hamilton as the man who had wielded the pistol and one of the other passengers as the man who had struck him over the head with the potted plant. Alongside the dead-end road, the officers found a jacket belonging to one of Hamilton's accomplices. This jacket contained a $100 bill in a pocket. The victim testified that his wallet contained several $100 bills. Also in another pocket was a quantity of marijuana. A little further away on the same road was found a pearl-handled pistol which was identified by the motel manager as being the same gun or identical in appearance to the one used by Hamilton. In his defense, Hamilton denied being present when a robbery took place or ever having seen the victim.

2. In his first enumeration of error, Hamilton urges the trial court erred in denying his motion for a directed verdict of acquittal because the in-court identification of the victim was tainted as being a show-up rather than a line-up; and secondly, that because the arrest was without probable cause and without a warrant, the evidence seized was violative of Hamilton's constitutional rights.

In inverse order, we consider both facets of the enumeration to be without merit. As to the arrest, the officers were aware that a robbery had taken place less than an hour earlier. The manager-victim was able to identify a black sedan containing three passengers as transporting the probable robbers. A driver's license found at the scene established that Hamilton was probably one of the robbers or at least was present, and that Hamilton probably was driving a black 1967 or 1968 Plymouth Fury. At about 2:00 a.m., the officer saw a 1967 or 1968 black Plymouth Fury with three passengers less than an hour after the robbery about a mile from the scene of the robbery and the car gave indications of attempted evasion. Under such facts we have no hesitancy in concluding the officers had reasonable cause to stop the car and arrest its occupants. Whether an arrest is constitutionally valid depends upon whether, at the moment the arrest was made, the officers had probable cause to make it. When the officers first saw this car, we conclude at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrestees had committed or were committing an offense. *Morgan v. State,* 241 Ga. 485, 487 (246 SE2d 198). Moreover, the apparent attempted evasion together with the other information available to the officers was sufficient to constitute probable cause for arrest without a warrant. *Moore v. State,* 155 Ga. App. 721, 722 (272 SE2d 575). See *State v. Aultman,* 160 Ga. App. 550, 551 (287 SE2d 580).

The circumstances following the arrest further cause us to conclude that the show-up was not unnecessarily suggestive nor was there a likelihood of misidentification. Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401). The show-up was an on-the-scene confrontation conducted as soon as possible after the offense. It was an immediate product of the offense and the defendants' apprehension. Practicalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victim and suspect is essential both to law enforcement and to fairness toward innocent suspects. *Walker v. State,* 139 Ga. App. 751, 752 (229 SE2d 546). The trial court did not err in denying a grant of directed verdict upon these grounds.

3. In his second enumeration of error, appellant contends that the trial court erred in denying a motion for mistrial after allowing into evidence the fact that the jacket found at the scene contained a quantity of marijuana. This enumeration likewise lacks any substantial merit. The courts of this state have consistently held that all circumstances connected with the arrest of the defendant are admissible and may be weighed by the jury "for what they are worth."

*State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165); *Hawkins v. State,* 137 Ga. App. 483, 484 (224 SE2d 118).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 14, 1982.

*Thomas G. Ledford,* for appellant.
*Gilbert J. Murrah, District Attorney,* for appellee.