## 64869. PHILLIPS v. THE STATE.

BIRDSONG, Judge.

Armed Robbery. Bernard Phillips was convicted of armed robbery and sentenced to serve thirteen years. He brings this appeal enumerating two errors. *Held:*

1. In May, 1981, the victim of the armed robbery had driven to and parked his 1979 Thunderbird near a tennis court. While he was preparing himself to play tennis, two black males came up to his car, one at each front window. Appellant Phillips was identified as the person at the driver's window who held a gun on the victim and forced him to disembark the car. The victim's car, wallet and watch were taken during the robbery.

Two months later at a license check roadblock, the police

observed a 1979 black Thunderbird approach the roadblock, make a U-turn and drive away. The officers gave chase and after about a mile of evasive efforts, the Thunderbird auto was stopped. Appellant Phillips was driving. He was removed from the car and placed in the police vehicle and warned of his Miranda rights. While Phillips was in the car, the officer made a NCIC check on the tag and determined the car was stolen. Phillips heard the report that the car was stolen.

During trial, appellant testified in his own behalf and stated that the car had been delivered to him that morning for cleaning, waxing, and shampooing of the upholstery. After completion of his testimony in chief, the trial court asked Phillips a series of questions including what response, if any, Phillips had made to the officer upon hearing the report that the car was stolen. Phillips replied he had said nothing to the officers. Though the defense counsel had objected outside the presence of the jury to the trial court asking any questions, the trial court insisted upon its right to ask questions in search of the truth and overruled the objections to the line of questions. Apparently in view of this insistence, no further objections were made when the court pursued the questioning in the presence of the jury.

"Under some circumstances, a defendant's prior silence may be inconsistent with his trial testimony. Where, for example, the defendant consents to police questioning following his arrest, but fails to inform the authorities of the alibi he relies upon at trial, the defendant's previous silence on this subject may be indicative of recent fabrication. Thus, in *Johnson v. State,* 235 Ga. 355, where the defendant apparently consented to police interrogation, it was held proper for the prosecutor to inquire as to whether the defendant informed the detective of the alibi raised at trial.

"Unlike the situation in *Johnson* the defendant here gave no statements to the police. Under such circumstances, the arrestee's failure to offer information to the authorities 'can as easily be taken to indicate reliance on the right to remain silent as to support an inference that the explanatory testimony was a later fabrication. There is simply nothing to indicate which interpretation is more probably correct.' United States v. Hale, 45 LE2d 105, supra." *Lowe v. State,* 136 Ga. App. 631, 635 (222 SE2d 50).

"We thus conclude that the questions complained of were both irrelevant and highly prejudicial. We also note that this type of examination raises serious constitutional questions involving a defendant's Fifth Amendment right to remain silent following arrest. Additionally, the allowance of this type of examination undermines the requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), and curtails the due process rights otherwise afforded to criminal defendants. '[W]hen a person under arrest is informed, as

Miranda requires, that he may remain silent, that anything he says may be used against him and that he may have an attorney if he wishes, it seems to me that it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at the time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony....' United States v. Hale, 45 LE2d 108, supra...." *Lowe v. State,* supra, pp. 636-637; *Howard v. State,* 237 Ga. 471 (228 SE2d 860); *Reid v. State,* 129 Ga. App. 660, 664 (5) (200 SE2d 456).

The recent case of Fletcher v. Weir, 455 U. S. 603 (102 SC 1309, 71 LE2d 490, 494) does not modify this conclusion. In that case the Supreme Court held: "In the absence of the sort of affirmative assurances embodied in the *Miranda* warnings, we do not believe that it violates due process of law for a State to permit cross-examination as to post-arrest silence when a defendant takes the stand." The distinction in the case sub judice is that Phillips was asked what comments, if any he made in response to a report he was driving a stolen car, but only after he had been arrested and warned of his Miranda rights. Pretermitting the propriety of a trial court in pursuing this type of impeaching examination, the questioning exceeded constitutional bounds and requires reversal.

In view of counsel's earlier objections and because the question as to testimonial silence invades a constitutionally protected area (*Howard v. State,* supra; *DeBerry v. State,* 241 Ga. 204, 205 (243 SE2d 864)), we find no merit in the state's contention that appellant has waived any error by his failure to object when the prohibited question was asked. Brady v. United States, 397 U. S. 742, 748 (6) (90 SC 1463, 25 LE2d 747).

2. In his second enumeration, appellant complains the trial court should have suppressed (in limine) any evidence pertaining to several suspicious items found in the car at the time of his arrest, such as a stocking mask. We reject this enumeration as being meritless. In *State v. Luke,* 232 Ga. 815 (209 SE2d 165), it was held that all circumstances connected with the arrest of the defendant are admissible and may be weighed by the jury for whatever they are worth. See also *Hawkins v. State,* 137 Ga. App. 483, 484 (224 SE2d 118).

*Judgment reversed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

Decided January 7, 1983 —
Rehearing denied January 28, 1983.

*John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet,. Benjamin H. Oehlert III, R. Michael Whaley, R. A. Weathers, Assistant District Attorneys,* for appellee.