### 64835. BARR v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of two counts of burglary of the same residence occurring on January 30, 1981 and February 2, 1981.

1. Appellant raises the general grounds, asserting the insufficiency of the evidence to support the verdicts on both counts.

The evidence, while circumstantial, was sufficient to convict appellant of both burglaries. " 'When property alleged to be stolen is proven to be stolen property and the crime charged has been committed by someone, the recent unexplained possession of the stolen property by the defendant is a circumstance from which guilt may be inferred. [Cit.] From this, it may be inferred that the defendant charged committed the theft proven. This being so, no further proof, circumstantial or direct, showing that the appellant committed the burglary was necessary for conviction. [Cit.]' *Humes v. State,* 143 Ga. App. 229 (237 SE2d 704) (1977)." *Rakestraw v. State,* 155 Ga. App. 563, 564 (271 SE2d 696) (1980). See also *Bankston v. State,* 159 Ga. App. 342, 343 (4) (283 SE2d 319) (1981).

Appellant was arrested on the very day of the second burglary while in possession of commingled goods identified as having been taken in both burglaries. Certain items from the first burglary were also recovered from the woodpile at appellant's home. Appellant gave no testimony concerning the items under the woodpile. He did offer an explanation concerning the possession of commingled items from both burglaries, found in the taxicab he occupied with Eddie Lamar Reed and Herschel DeWayne Reed during their joint efforts to sell the items. That explanation was that the Reeds had invited him to ride along and drink beer and had proposed that they could buy more beer if they sold the items. According to appellant, he was curious as to where the Reeds had obtained the items, but he did not ask. The subsequently impeached testimony of both Reed brothers was exculpatory of appellant, tending to show that his possession was innocent.

" 'It was within the jury's province to believe that appellant's explanation of his possession advanced at trial was not a reasonable or satisfactory one. [Cit.]' [Cits.]" *Allen v. State,* 146 Ga. App. 815, 816 (1) (247 SE2d 540) (1978). See also *Henderson v. State,* 162 Ga. App. 345, 346 (291 SE2d 422) (1982); *Brown v. State,* 157 Ga. App.

473, 474 (278 SE2d 31) (1981); *Williamson v. State,* 156 Ga. App. 615 (1) (275 SE2d 699) (1980), aff'd 248 Ga. 47 (281 SE2d 512) (1981); *Evans v. State,* 156 Ga. App. 162, 163 (2) (275 SE2d 341) (1980); *Evans v. State,* 138 Ga. App. 460 (226 SE2d 303) (1976). Despite the testimony of Eddie Lamar Reed that the burglaries were committed by himself and his brother, the weight of the evidence and credibility of witnesses were questions for the trior of fact. See *Thomas v. State,* 163 Ga. App. 534, 535 (295 SE2d 337) (1982).

Appellant argues that the jury had to go outside the evidence to find that he was a party to the first burglary, and asserts that there was absolutely no evidence adduced to authorize his conviction of this crime. However, appellant's possession of property taken in the first burglary commingled with goods stolen in the second was a circumstance from which the jury was authorized to find that he was a party to the first burglary. See *Rakestraw v. State,* supra at 565. Viewing the evidence in the light most favorable to the verdict, the trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of both burglaries. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Henderson v. State,* supra at 346; *Meeks v. State,* 160 Ga. App. 233, 236 (286 SE2d 520) (1981); *Bogan v. State,* 158 Ga. App. 1 (279 SE2d 229) (1981).

2. Appellant contends that the trial court erred in charging the jury on the credit to be given to certain prior inconsistent statements which were used to impeach the Reed brothers. Our review of the transcript shows that instructions, otherwise adequate to limit consideration of the prior inconsistent statements to impeachment purposes, were given. See *Wilson v. State,* 235 Ga. 470, 472 (1), 475 (2) (219 SE2d 756) (1975); *Wisdom v. State,* 234 Ga. 650, 655 (217 SE2d 244) (1975). Appellant concedes that the limiting instructions were proper. He complains, however, that in order to reach its verdict, the jury must have disregarded them and used the impeachment testimony as substantive evidence. While the testimony was admitted solely for impeachment purposes, its use as substantive evidence would not have been impermissible under the holding in *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717) (1982). There was no error.

3. Appellant finally contends that the trial court impermissibly commented on the proof by making a statement in colloquy with appellant's counsel. Appellant made no objection to the remark and no motion for mistrial. "It is well settled that statements by the court not made during the charge to the jury must be the subject of timely exception in order to be reviewable . . ." *Head v. Pollard Lumber Sales,* 88 Ga. App. 757, 759 (2) (77 SE2d 827) (1953). See also *Mitchell*

*v. Gay,* 111 Ga. App. 867, 874 (143 SE2d 568) (1965). Further, even if timely objection had been made, appellant's contentions of prejudice are without merit. The trial court's statement was made in response to appellant's objection to the court's ruling permitting admission of impeachment evidence. "Remarks of the judge, assigning a reason for his ruling were neither an expression of opinion of the judge nor a comment on the evidence. [Cits.]" *Cochran v. State,* 136 Ga. App. 125, 127 (3) (220 SE2d 477) (1975). See also *Ramco Roofing &c. Co. v. Kaminsky,* 156 Ga. App. 708, 709 (2) (275 SE2d 764) (1980); *Bradley v. State,* 137 Ga. App. 670, 673 (8) (224 SE2d 778) (1976), cert. denied, 429 U. S. 918 (1976).

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED MARCH 9, 1983 —
REHEARING DENIED MARCH 25, 1983.

*William J. Westbrook,* for appellant.

*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Ralph Van Pelt, Jr., Assistant District Attorneys,* for appellee.