74851. LANHAM v. THE STATE.
(362 SE2d 131)

CARLEY, Judge.

Appellant was indicted for the offense of entering an automobile, a violation of OCGA § 16-8-18. He was tried before a jury and a verdict of guilty was returned. Appellant's motion for new trial was denied and he appeals from the judgment of conviction and sentence entered on the jury's guilty verdict.

1. The trial court's failure to grant appellant's motion for new trial on the general grounds is enumerated as error. Appellant was a witness in his own defense and denied his guilt. However, when the evidence is viewed in a light most favorable to the verdict, it is more than sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Hall v. State*, 172 Ga. App. 371 (323 SE2d 261) (1984); *Shorter v. State*, 169 Ga. App. 804 (315 SE2d 35) (1984).

2. When he was arrested within minutes of the commission of the offense, appellant had no identification on his person. Prior to being given the *Miranda* warnings, appellant was asked to give his name to the arresting officer. This inquiry was repeated several times before appellant revealed that his first name was "Robert." Appellant was then asked several times to give his last name. On each occasion, appellant merely responded that his name was "Robert." The officer then informed appellant that he would be called "Robert Doe." Appellant's response was: "[T]hat sounds good, Robert Doe." At trial, the assistant district attorney apparently referred to this colloquy in his opening statement. Appellant moved for a mistrial, contending that the reference to this colloquy had constituted an impermissible comment on his right to remain silent. The motion for mistrial was denied and no curative instructions were given, the trial court ruling that the colloquy between the officer and appellant would be admissible into evidence. During the State's case-in-chief, the trial court, over appellant's objection, did subsequently admit the colloquy into evidence. On appeal, appellant enumerates as error the denial of his motion for mistrial.

The silence of an arrestee prior to his receipt of the *Miranda* warnings may be used by the State for purposes of impeachment. See *Bennett v. State*, 254 Ga. 162, 165 (4) (326 SE2d 438) (1985). In this case, however, the State did not use the evidence of appellant's silence for impeachment purposes. The evidence was introduced in the State's case-in-chief. Appellant cites *Howard v. State*, 237 Ga. 471, 473 (228 SE2d 860) (1976), as authority for the proposition that the State is precluded from using an arrestee's silence in its case-in-chief regardless of whether or not the *Miranda* warnings had been given prior to that silence: "The right to remain silent when *under police interrogation* existed prior to *Miranda*, which dealt with the requirement of giving notice of that right. The defendant [in *Howard*, supra,] had the constitutional right to remain silent, whether or not he had been so informed via the *Miranda* warning." (Emphasis supplied.) However, unlike the defendant in *Howard v. State*, supra, appellant's silence prior to his receipt of the *Miranda* warnings was not silence in response to police interrogation. Although asked in a custodial setting, the arresting officer's request for appellant's name was not custodial interrogation. See *White v. State*, 168 Ga. App. 794, 796 (310 SE2d 540) (1983). See also OCGA § 17-4-27, which provides that the police have a duty to obtain the vital statistics of those whom they arrest.

We are aware of no case which unequivocally holds that the State may not introduce, in its case-in-chief, evidence that, immediately upon his arrest but prior to being given his *Miranda* warnings, the arrestee refused to respond to the non-interrogative request to supply

his name. Arguably, such evidence should be admissible as a circumstance of the arrest. "[A]ll circumstances connected with the arrest of the defendant are admissible and may be weighed by the jury for whatever they are worth. [Cit.]" *Phillips v. State,* 165 Ga. App. 235, 237 (2) (299 SE2d 138) (1983). However, assuming without deciding that such evidence would be inadmissible, appellant would still have to show that any error was, under the circumstances of this case, harmful to him. A showing of error without harm will not warrant a reversal of appellant's conviction. Here, as in *Durden v. State,* 250 Ga. 325, 328 (4) (297 SE2d 237) (1982), any error committed in connection with the topic of appellant's post-arrest silence would be harmless: "Because of the overwhelming evidence linking [appellant] with this crime, the error[, if any,] is harmless beyond a reasonable doubt. . . ." See also *Sanford v. State,* 153 Ga. App. 541 (1) (265 SE2d 868) (1980). Accordingly, the trial court's failure to take curative action in response to the State's opening statement, if error, was not reversible.

*Judgment affirmed. Benham, J., concurs. Banke, P. J., concurs specially.*

BANKE, Presiding Judge, concurring specially.

I would hold unequivocally that evidence of an arrestee's refusal to respond to the arresting officer's routine request to state his name is not an impermissible comment on his right to remain silent but is clearly admissible as a circumstance of the arrest.

DECIDED OCTOBER 16, 1987.

*Carl Greenberg,* for appellant.

*Robert E. Wilson, District Attorney, Robert E. Statham III, Barbara Conroy, Assistant District Attorneys,* for appellee.