## 46497. WILSON v. THE STATE.
(376 SE2d 676)

MARSHALL, Chief Justice.

Joseph Leon Wilson appeals his conviction of the malice murder of Barney L. Ridley, for which he was sentenced to life imprison-

ment.[1] We affirm.

The evidence authorized the following findings. The appellant purchased cocaine from the 16-year-old victim on five separate occasions during the 12-hour period preceding the homicide, smoking it the first four times. The appellant, having run out of money, asked to buy the drugs on credit, which the victim refused. A struggle ensued between the two. The appellant said, "Give it to me, give it all to me." The victim pulled out his drug bag, and the appellant snatched it. During the struggle, the victim called for help, and the appellant shot him in the head, picked up the victim's money, and ran.

1. During voir dire, the trial judge, after ruling that defense counsel could not inquire about prior, jury service, stated that he would give counsel a case on that, in response to defense counsel's inquiry as to whether the trial judge could produce a case in support of his ruling. Shortly thereafter, the trial judge stated, "I will be delighted to orient you on any of the law as soon as you get through with this case." The appellant now argues that these remarks were uncalled for, demeaning to counsel, and showed that the judge had become an advocate on behalf of the state. The appellant made no objection to the remark and no motion for a mistrial, hence he has waived the right to enumerate it on appeal. E.g., *Seabrooks v. State*, 251 Ga. 564 (1) (308 SE2d 160) (1983). Further, even if timely objection had been made, the trial judge's statement was made in response to the appellant's objection to the court's ruling denying a voir-dire question, and was neither an expression of opinion nor a comment on the evidence. E.g., *Barr v. State*, 166 Ga. App. 7 (3) (303 SE2d 132) (1983).

2. The trial court did not err in refusing to conduct an in camera inspection of the state's files to find statements of witnesses beneficial to the defense, or to order the state to furnish to the appellant the tape-recorded statements. Prior to trial, the state opened its complete files and allowed the defense to peruse them, gave the defense summaries of witnesses' statements, and offered to allow the defense to listen to the tape-recorded statements from which the summaries were transcribed. See *Jarrell v. State*, 234 Ga. 410, 420 (4) (216 SE2d 258) (1975); *Gonzalez v. State*, 175 Ga. App. 217 (2) (333 SE2d 132) (1985).

3. The malice-murder indictment charging that Wilson "did unlawfully and with malice aforethought, cause the death of Barney L. Ridley, a human being, by shooting him with a pistol," gave the ap-

---

[1] The crime was committed on September 27, 1987. Wilson was convicted on May 11, 1988, and sentenced on May 17, 1988. His motion for new trial was filed on June 8, 1988, and denied on November 8, 1988. The transcript of evidence was filed on August 18, 1988. Notice of appeal was filed on November 10, 1988. The record was docketed in this Court on December 12, 1988. The case was submitted on January 27, 1989.

pellant sufficient notice of the possibility that the jury would be allowed to consider a verdict of felony murder, with aggravated assault as the underlying felony. *Jolley v. State*, 254 Ga. 624 (2) (331 SE2d 516) (1985).

4. The appellant contends that the prosecutor improperly commented upon his right to remain silent when he argued to the jury: "The first time that story has been heard is today. He told you that."

During the course of the prosecution's cross-examination of the appellant, the following dialogue ensued:

Q. It's also true that you called the police and told them that it was an accident?

A. No, I did not call the police, Sir.

Q. Did you ever tell anybody that it was an accident, that it was self-defense?

A. Well, I talked to my people about it.

Q. You told your mother?

A. Yes, I told my people about it, Sir.

Q. And those are the only people other than this jury that have heard this particular story; is that correct?

A. And I talked to my lawyer.

Q. And you told your lawyer that it was an accident?

A. I talked to my lawyer about the whole situation.

The appellant, having failed to object to the above portions of the cross-examination and closing argument or move for a mistrial, has waived his right to raise this issue on appeal. *Seabrooks v. State*, 251 Ga. 564, supra (1); *Tucker v. State*, 237 Ga. 777 (1) (229 SE2d 617) (1976).

Furthermore, even if the appellant had objected, this enumera-

tion is without merit. The appellant cites *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976), which proscribes the use for impeachment purposes of the silence of an accused at the time of arrest in the presence of police and after he has received *Miranda* warnings which advised him of his Fifth Amendment right to remain silent. However, this was not a situation in which the appellant was asked specifically why he did not respond by way of explanation when confronted with an incriminating situation after having been advised of his right to remain silent. Cf. *Phillips v. State*, 165 Ga. App. 235 (1) (299 SE2d 138) (1983). Moreover, the rule in *Doyle v. Ohio*, supra, was narrowed in *Fletcher v. Weir*, 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982), which held that a defendant can be cross-examined as to his post-arrest silence when *Miranda* warnings are not given. The prosecutor's comments here do not fall within the purview of either *Doyle* or *Fletcher*.

5. On direct examination, defense counsel asked the appellant, "Are you guilty of this charge?" The trial court sustained the prosecution's objection to this question. Defense counsel then asked the appellant, "Have you told the jury the truth here today?" The appellant responded, "Yes, I have told them the truth, that's what happened." The appellant contends that the trial court's sustaining of the prosecution's objection prohibited the appellant from presenting his defense and asserting his innocence while on the stand. However, the appellant asserted his innocence throughout his testimony, and specifically when he answered the question quoted above. For this reason, we find no prejudice to the appellant.

6. At the charge conference, the appellant requested instructions on accident, although he had relied on the theory of self-defense during the trial. The trial court ruled that it would charge on self-defense and not on accident, then so charged. After the charge, the court specifically asked the appellant for "any suggestions or criticisms to the charge." The appellant did not renew his objection to the refusal to charge on accident, thereby failing to preserve the issue for review. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980). Furthermore, "[t]he defenses of accident and self-defense are . . . inconsistent, and a defendant generally is not entitled to a charge on both." *Culbreath v. State*, 258 Ga. 373, 376 (4) (369 SE2d 29) (1988).

*Judgment affirmed. All the Justices concur.*

GREGORY, Justice, concurring.

I concur in the judgment and write to more fully express my views regarding the issue in Division 5 in the majority opinion.

When defense counsel asked the defendant, "Are you guilty of this charge?" the State objected on the ground the question (or a negative answer) was self-serving. The court sustained the objection, not

on that ground, but on the ground the question addressed the ultimate fact which the jury was to decide.

A defendant in a criminal case must be allowed to testify that he is not guilty of the crime. Neither the rule regarding ultimate facts nor any notion the answer would be self-serving should preclude it.

There may even be a case in which the only testimony a defendant has which bears on the case is that he did not do it, that he is not guilty. Here there was more, and I believe this additional evidence rendered the error harmless.

I am authorized to state that Justice Smith and Justice Bell join in this concurrence.

DECIDED MARCH 2, 1989 —
RECONSIDERATION DENIED MARCH 15, 1989.

*Robert H. Alexander III*, for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant*, for appellee.