### A90A1496. PRESSLEY v. THE STATE.
#### (398 SE2d 268)

SOGNIER, Judge.

Denny Edward Pressley was convicted of kidnapping with bodily injury, child molestation, two counts of aggravated sodomy, and following a jury determination was sentenced as a recidivist. He appeals from the judgment entered on the jury's verdict.

1. Appellant first contends the court erred by entering judgment and sentencing him for both child molestation and aggravated sodomy because the offenses merged as a matter of fact. The evidence adduced at trial established that the victim, a nine-year-old girl, was riding her bike in her Gwinnett County subdivision on the evening of July 14, 1989, when a man she identified as appellant seized her from her bike, forced her into the trunk of his car, and drove to a deserted area where he removed her clothes. He then inserted his finger into her vagina, placed his mouth on her vagina, and forced his penis into her mouth. The indictment charged appellant with child molestation in connection with the fondling of the victim's vagina, while the aggravated sodomy charges were based on the two acts of oral sex.

We do not agree with appellant that the aggravated sodomy charges were included in the child molestation charge. A crime is included within another charged crime if, inter alia, "[i]t is established by proof of the same or less than all the facts . . . required to establish the commission of the crime charged." OCGA § 16-1-6 (1). Here, unlike the circumstance in *Horne v. State*, 192 Ga. App. 528, 533 (6) (385 SE2d 704) (1989), cited by appellant, the acts of sodomy were not needed to prove child molestation because that charge was completed with proof of the fondling of the victim's vagina. See OCGA § 16-6-4 (a). Since the acts of sodomy were not used to establish the child molestation charge, no merger occurred. See *McCollum v. State*, 177 Ga. App. 40 (1) (338 SE2d 460) (1985).

2. Appellant raises two challenges to statements made by the prosecutor during closing argument, one of which appellant contends constituted an expression of opinion by the prosecutor and the other of which purportedly injected passion into the case. These enumerations are without merit. Appellant's characterization of the statements is wholly unsupported by the record, and he failed to raise any objection at trial. See *Brinson v. State*, 191 Ga. App. 151, 152 (3) (381 SE2d 292) (1989).

3. For the same reasons, we find no merit in appellant's contention that the trial court erred by allowing the victim's mother, who

testified before the victim, to remain on the witness stand with the young victim while she testified. Trial counsel expressly stated he had no objection, and there is nothing in the record to support appellant's claims of prejudice. See generally *Boatright v. State*, 192 Ga. App. 112, 114-116 (5) (385 SE2d 298) (1989).

4. Appellant raises three challenges to the court's charge to the jury. We note that at trial, after the court completed the instructions to the jury, appellant's counsel did not reserve his right to object later, and instead expressly stated he had no objections to the court's jury instructions. Accordingly, reversal of the judgment is warranted only if there was a substantial error in the charge which was harmful as a matter of law. OCGA § 5-5-24 (c). The transcript of the charge conferences reveals appellant's counsel expressly consented to the charges proposed by the court on these topics, which were correct statements of the law as it applied to the facts of this case. " '[A] litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal.' [Cit.]" *Boatright*, supra at 116 (5). There being no substantial errors in the challenged charges and no harm as a matter of law, we find no merit in these enumerations.

5. In his final enumeration, appellant maintains the trial court erroneously allowed the State "to advise the jury of appellant's invocation of [his] right to counsel." The evidence at issue was the testimony of Detective Wayne Rickard, the investigating officer, who, during the course of his description of the events surrounding appellant's custodial statement, revealed that appellant was advised of his right to consult with an attorney but declined to exercise that right, and then submitted to two hours of questioning by police. No objection to this testimony was interposed by defense counsel. On appeal, appellant contends this testimony concerning his invocation of a constitutional right was unduly prejudicial and a denial of due process.

Appellant's argument mischaracterizes the testimony below and misapprehends the nature of the right protected. The challenged testimony disclosed that appellant *declined* to invoke his constitutional right to counsel before giving a statement to police. Moreover, the interest protected is the right of an accused to remain silent and not have that silence used against him at trial. *Wainwright v. Greenfield*, 474 U. S. 284, 290-292 (106 SC 634, 88 LE2d 623) (1986); see *Wilson v. State*, 259 Ga. 55, 57-58 (4) (376 SE2d 676) (1989). Since appellant did not choose to remain silent, but instead gave a statement to police, we find no reversible error in the admission of the testimony at issue, especially given that no objection was made below, *Wilson*, supra at 58 (4), and that the prosecution did not use appellant's conduct or statements regarding counsel against him. Compare *Wainwright*, supra at 286-287.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 15, 1990.

Ronnie K. Batchelor, for appellant.

Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, for appellee.