## 64713. DAVIS v. THE STATE.

SOGNIER, Judge.

Driving under the influence and possession of marijuana and cocaine. On appeal appellant contends it was error to deny his motion to suppress evidence.

After a policeman observed Davis' car weave across a centerline at 1:00 a.m. in Athens, Ga., and subsequently drive over a curbing while attempting to make a left turn, Davis was stopped. When he got out of the car he could hardly stand up and had a strong odor of alcohol. As a result, Davis was arrested for driving under the influence of alcohol. The policeman impounded Davis' car, shined his flashlight into the car and observed what appeared to be a marijuana cigarette in the ashtray. The officer confiscated the cigarette and proceeded to inventory the contents of Davis' car as required by Athens' police policy pertaining to impounded vehicles. The inventory of the vehicle's passenger compartment produced two envelopes containing suspected marijuana and one envelope containing 11 individual packets of white powder.

Davis was charged with driving under the influence of alcohol and possession of marijuana. Subsequently, after receiving a report from the State Crime Laboratory that the white powder was cocaine,

an arrest warrant was issued on Davis for possession of cocaine. A few days later the same policeman who had initially arrested Davis stopped him again to serve the arrest warrant, and his car was again impounded. The policeman, while conducting an inventory, found two marijuana cigarettes inside some cigarette papers above the sun visor. It was stipulated at trial that the items found in Davis' car were marijuana and cocaine.

Appellant contends that the alleged inventories were merely pretexts to conduct "investigative" searches. We need not decide that issue, however, for in New York v. Belton, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768), the Supreme Court of the United States held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. It follows . . . that the police may also examine the contents of any containers found within the passenger compartment . . . Such a container may, of course, be searched whether it is open or closed . . ." As appellant was under lawful custodial arrest on both occasions when his car was searched at the scene of his arrests, both searches were lawful and the trial court properly denied appellant's motion to suppress the marijuana and cocaine.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1983 —
REHEARING DENIED JANUARY 28, 1983 —

*Howard T. Scott,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.