67623. THE STATE v. SIMS.

</div>

McMURRAY, Chief Judge.

This case involves an accusation charging the defendant with the offense of a misdemeanor in that he did unlawfully possess marijuana in an amount of not more than one ounce. His arrest arose out of an alleged traffic violation. Defendant moved to suppress the evidence. After a hearing the same was granted by the trial court as to the evidence of the marijuana found in the vehicle.

The state appeals alleging that the trial court erred in not finding that the arresting officer had probable cause to stop and arrest the defendant for driving under the influence and also in not finding the impounding of the vehicle lawful. *Held*:

The trial court made findings of fact and conclusions of law. The findings of fact of the trial court disclosed that the arresting officer observed the motor vehicle while driving in the City of Atlanta crossing the centerline in making a turn. The driver explained that it was necessary for him to cross the centerline in order to make the turn. As the vehicle stopped it struck a light pole adjacent to the roadway. The officer upon approaching smelled the odor of an alcoholic beverage on the defendant's breath. The driver admitted he had been drinking but was not intoxicated. The officer then noticed a piece of rug or carpeting protruding from the rear of the vehicle obstructing the view of the license plate area. Upon lifting the rug the officer noticed the vehicle did not have a license plate at all. The defendant had no tag receipt, nor document showing the vehicle was recently purchased, nor a license tag application. The officer proceeded to impound the vehicle and make an inventory search of it, whereupon the marijuana was found.

Former Code Ann. § 68-9901 (Ga. L. 1931, pp. 213, 216; 1969, pp. 266, 270; 1977, pp. 1039, 1040; 1980, p. 746) in effect at the time of defendant's arrest (now OCGA § 40-2-8, effective November 1, 1982), made it a misdemeanor for any person to own or operate any motor vehicle being used on any public highway or street without complying

with the registration law as to such vehicle. Former Code Ann. § 68-9901, supra, further required any such vehicle required to be registered "that does not have attached to the rear thereof a numbered license plate and current revalidation sticker, if required, shall be stored at the owner's risk and expense by any law enforcement officer." It also makes it a misdemeanor to operate any vehicle required to be registered without a valid numbered license plate properly validated. The evidence here shows that the officer properly impounded the vehicle. The marijuana was discovered after the vehicle was searched. The trial court has abused its discretion in granting the motion to suppress. All circumstances connected with the arrest of the defendant are admissible and may be weighed by the trier of fact " 'for what they are worth.' " See *Hamilton v. State*, 162 Ga. App. 116, 117 (3) (290 SE2d 478). The search in this instance was lawful. See *State v. Holden*, 162 Ga. App. 33 (290 SE2d 130); *Davis v. State*, 165 Ga. App. 231, 232 (299 SE2d 113); *Stoker v. State*, 153 Ga. App. 871 (267 SE2d 295); *Williams v. State*, 150 Ga. App. 852 (1) (258 SE2d 659). As both of the state's enumerations of error are meritorious, we must reverse the judgment.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1984.

*James L. Webb, Solicitor, Deborah S. Greene, Donald C. English, Christine Craddock, Assistant Solicitors*, for appellant.
*Paul C. Myers*, for appellee.