A90A0639. JOHNSON v. THE STATE.

(394 SE2d 359)

BEASLEY, Judge.

Johnson appeals his conviction for trafficking in cocaine, OCGA § 16-13-31 (a) (1). Defendant was indicted on April 20, 1988, for knowingly bringing into the state and actually possessing 96.6 grams of cocaine on March 24, 1988, in violation of OCGA § 16-13-31 (a) (1), which was amended effective March 28, to delete the requirement of "actual" possession. Johnson contends that the trial court erred in refusing to direct a verdict of acquittal because there was no evidence that he placed the cocaine in the out-of-state rental car or that it was put there before the car's entry into Georgia.

The police officer was on routine traffic patrol when he noticed a car driving off the roadway onto the right shoulder, raising a cloud of dirt and dust, and then weaving back and forth across the centerline. Suspecting that the driver might be intoxicated, the officer pulled the car over. Johnson was the driver and sole occupant. The officer discovered that the car had been rented in Tampa approximately fifteen hours earlier and asked to see the rental agreement. Johnson gave changing, conflicting and confused responses to the officer's questions about Johnson's destination and purpose. While the officer checked the rental agreement, Johnson kept getting closer and closer to the officer as if to reach around and grab him. Concerned for his safety, the officer called for a backup. Upon his arrival, the backup noticed that Johnson was trying to "ease up" on the other officer.

The officer noted that there were no observable signs of travel in the car's passenger compartment such as clothes or travel items. When the officer asked Johnson if he had any traveling clothes or suitcases or anything, Johnson replied "sure" and voluntarily opened the trunk. Inside, the officer noticed a tote bag and that the material on the right rear tire compartment was torn or pulled away. The of-

ficer asked for and was granted permission to search the vehicle. He looked in the tote bag and found a .38 caliber pistol with the serial numbers obliterated and $1,900 in bills wadded up in a pair of pants.

Johnson gave what to the officer seemed like an illogical explanation for the cash, so the officer put his hand into the tire wall area that looked obviously tampered with. The officer pulled out a small blue purse. Johnson stated, "That ain't mine." The purse contained the cocaine and a box of razor blades.

Later, in custody, Johnson gave a Florida law enforcement officer vague and confusing explanations for his trip and for the cash found in the car.

The "actual possession" that was required for a conviction for trafficking in cocaine did not mean that the person had to be holding the contraband in his hand or have it physically on his person. " 'If a person [was] driving an automobile or [had] an automobile in his possession, custody or control, all in that automobile [was] presumed to be his and in his possession.' *Autry v. State*, 150 Ga. App. 584 (2) (258 SE2d 268) (1979). Whether or not the evidence was sufficient to rebut the inference arising from the finding of the drugs in the automobile [was] a question for the jury to decide. *Moore v. State*, 155 Ga. App. 149, 151 (270 SE2d 339) (1980)." *Reed v. State*, 186 Ga. App. 539, 540 (367 SE2d 809) (1988).

Johnson did not testify on his behalf and the only evidence was that presented by the State. The undisputed evidence of Johnson's rental of the car in Florida fifteen hours prior to the stop, his being the driver and sole occupant of the car when stopped, his unusual behavior and responses to law enforcement officers prior to and after his arrest, the ill-explained large amount of cash, the razor blades often used to cut crack cocaine, the anonymous weapon, the lack of traveling clothes and gear, the obvious tampering with the trunk tire area, and Johnson's immediate disclaimer of ownership of the purse prior to its opening, was sufficient for the jury to find that Johnson had placed and/or had knowledge of the cocaine in the car, had knowingly transported it into Georgia, and was in actual possession of it at the time of the traffic stop beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, the trial court correctly refused to direct a verdict of acquittal.

*Farmer v. State*, 152 Ga. App. 792 (264 SE2d 235) (1979), relied upon by appellant, is inapposite. There is no evidence of *equal* access here and there is sufficient evidence to connect Johnson with the contraband.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1990 —
REHEARING DENIED MAY 11, 1990 — 

*Randall M. Clark*, for appellant.
*Glenn Thomas, Jr., District Attorney, Stephen D. Kelley, Assistant District Attorney*, for appellee.