## A94A0981. BENTLEY v. THE STATE.
### (448 SE2d 479)

BEASLEY, Presiding Judge.

Following the denial of his motion for new trial, appellant appeals his conviction of possession of cocaine with intent to distribute. OCGA § 16-13-30 (b). He contends that the court erred in denying his motion to suppress evidence.

At the hearing on the motion, City of Macon Police Officer Cotton testified that at approximately 4:00 p.m. on August 14, 1992, someone who had not provided information to him in the past informed him that a black male named Darrell Lamar and a second black male whose name was unknown were en route to the Westgate Mall in a blue Pontiac Bonneville; they were in possession of a large amount of crack cocaine; and they could be found in the parking lot of the mall.

Cotton and other officers then went to the mall and found the described vehicle parked at the entrance. Cotton observed three black

male subjects enter the vehicle. Cotton's partner knew Darrell Lamar and identified him as one of the subjects. Lamar got into the front passenger's seat, and appellant got into the driver's seat. The officers stopped the vehicle before it exited the parking lot. They asked all three subjects to exit the vehicle and frisked each of them. As a safety precaution, Cotton asked whether they had any weapons. Appellant stated that he had a gun in the area of the front seat and pointed to its location. Lamar stated that he had a weapon in the same area. Cotton and Stone looked in the car in the area in which appellant and Lamar had pointed but could not see the weapons.

In searching for the weapons, Stone located a gun concealed in a towel between the front seats. He found another weapon underneath the driver's seat. When the weapons were found, the three subjects were placed under arrest for carrying concealed weapons. Stone continued to search the vehicle and looked in a black bag on the front seat that could have been used as a receptacle for guns or knives. After unraveling some paper towels in the bag, he found 61 grams of crack cocaine.

In the order denying the motion to suppress, the court found that the police had obtained the information through a telephone call from a confidential informant. Citing *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990), the court concluded that the investigatory stop was legal because the officers had reasonable suspicion that the occupants of the blue Pontiac Bonneville were engaged in illegal activity. Citing *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983), the court concluded that the protective search of the black bag for weapons was appropriate and that, having found contraband other than weapons, the officers "clearly cannot be required to ignore the contraband." Id. at 1050.

Appellant challenges the legality of the stop and search, as well as the court's finding that the individual who called the police was a confidential informant.

1. Appellant argues that the caller was an anonymous tipster. However, the court's contrary finding of fact must be accepted, as it is supported by the officer's testimony and appellant has not demonstrated that it is clearly erroneous. See, e.g., *Sampson v. State*, 209 Ga. App. 213, 216 (2) (433 SE2d 136) (1993).

2. The investigatory stop was justified under *Alabama v. White*, supra. In that case, police received an anonymous tip that White would be leaving a certain apartment unit at a particular time in a described vehicle, that she would be going to a named motel, and that she would be in possession of about an ounce of cocaine inside a brown attache case. The police immediately proceeded to the apartment complex, saw the described vehicle in front of the building in which the unit was located, and observed White leave the building

carrying nothing in her hands and enter the vehicle. They followed the vehicle as it took several turns and drove the most direct route to the motel. They stopped it just short of the motel. A consensual search of the vehicle revealed marijuana, and after White was arrested cocaine was found in her purse.

A majority of the Supreme Court held that the police had reasonable suspicion under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), to justify the investigatory stop of the vehicle. It acknowledged that the anonymous tip, standing alone, would not have authorized the stop. However, of significance was that the tip did contain a range of details relating to future action of White ordinarily not easily predicted; by the time police stopped White's vehicle, they had independently corroborated significant aspects of the caller's predictions; and the caller had thus demonstrated to the police an ability to predict White's future behavior through inside information concerning her affairs. The Court concluded that, because only a small number of people are generally privy to an individual's itinerary, it is reasonable for police to believe that a person with access to such information is likely also to have access to reliable information about that individual's illegal activities.

In this case, unlike *White*, the information was provided to the police but rather by a known albeit untested confidential informant, not by an anonymous tipster. The tip thus had more indicia of reliability than an anonymous tip. *Burse v. State*, 209 Ga. App. 276, 278 (433 SE2d 386) (1993). Moreover, like *White*, the police did not stop the vehicle until they had independently corroborated significant aspects of the informant's predictions of Lamar's future behavior and thus established that the informant was privy to inside information concerning Lamar's affairs. Compare *Moreland v. State*, 204 Ga. App. 218 (418 SE2d 788) (1992), and cits. Applying the principles in *White*, the police were justified in making the investigatory stop of the vehicle based upon the reasonable suspicion that its occupants were in possession of a large amount of crack cocaine.

3. Once appellant and Lamar stated that there were weapons in the passenger compartment and the officers ascertained that such weapons were concealed, a search for weapons was justified based on probable cause to believe that the suspects had committed the criminal offense of carrying concealed weapons. See OCGA § 16-11-126.

After the weapons were found and the suspects were placed under arrest, the police were additionally authorized to continue the search of the passenger compartment and containers found within it as incident to a lawful custodial arrest. *Davis v. State*, 165 Ga. App. 231, 232 (299 SE2d 113) (1983) (citing *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768) (1981)).

Under *Michigan v. Long*, supra, where as here the police under-

take a lawful investigatory stop of a vehicle because of reasonable suspicion that its occupants are in possession of a large amount of crack cocaine and the suspects admit that there are weapons concealed in the passenger compartment of the vehicle, a protective search of that area to uncover weapons is justified under *Terry*. See generally *Hayes v. State*, 202 Ga. App. 204 (414 SE2d 321) (1991).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 15, 1994 —
RECONSIDERATION DENIED SEPTEMBER 7, 1994.

*Mathis, Jordan & Adams, Virgil L. Adams*, for appellant.
*Charles H. Weston, District Attorney, Thomas J. Matthews, Kirby H. Wincey, Jr., Assistant District Attorneys*, for appellee.