A95A1813. THE STATE v. GILMAN.
(463 SE2d 720)

BEASLEY, Chief Judge.
Gilman was indicted for possession of cocaine with intent to dis-

tribute. OCGA § 16-13-30 (b). Pursuant to OCGA § 5-7-1 (a) (4), the State appeals from the grant of his motion to suppress evidence seized in a search. The court ruled after hearing argument at the close of the State's evidence, before Gilman presented any evidence.

A confidential informant telephoned Officer Watson of the Warner Robins Police Department at about 7:00 p.m. and told him Gilman would be traveling from his job at a car dealership to "Friends on the Hill," a cocktail lounge, while in possession of a quantity of cocaine. The informant also said Gilman was wearing a yellow shirt, got off work at 8:00 p.m., and would possibly be driving a Camaro. Watson had known the informant for approximately four months and had spoken with him on at least ten occasions. The prior conversations had led to one incident that produced an arrest and the recovery of some marijuana and cash; the information the informant had given on the other occasions also concerned drug activity and had been verified by the police but had not produced arrests. The informant was facing criminal charges for non-drug offenses.

Watson and another officer drove to a location from which they could observe the car dealership and saw a man (Gilman) wearing a yellow shirt. He left the dealership driving a Camaro, proceeded onto the interstate, and exited onto a road that led to the cocktail lounge. While Gilman was in transit, Watson contacted Officer Roundtree, who stopped the Camaro before it reached the cocktail lounge. Roundtree asked Gilman to consent to a search of his person and the car, which Gilman did.[1] Two plastic bags containing cocaine were found in his pocket, and Roundtree arrested him.

Gilman was taken to a Warner Robins police facility and interviewed. After being advised of his rights, he told the officers he had more cocaine at his home in Bleckley County. Watson and an agent from the Georgia Bureau of Investigation went with Gilman to the vicinity of his home where, to keep the fact of his arrest from his wife, he was allowed to go alone and retrieve the additional cocaine. He shortly returned to the officers with two more packages of cocaine. It is the indictment for possession of these last two packages which has resulted in this appeal.

During the hearing, the court questioned Watson about how the informant knew Gilman would have cocaine when he left the dealership. Watson answered that the informant had seen the cocaine at the dealership that day but to answer further would reveal the informant's identity. The court, citing *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), ruled the State had not shown the

---

[1] Gilman's motion stated he gave consent to search his car but did not specifically state he had consented to a search of his person.

police had probable cause to stop Gilman because no evidence was presented about how the informant knew Gilman would have cocaine in his possession. The court reasoned that the cocaine found in the search, and the cocaine later produced by Gilman, resulted from an illegal detention and must be suppressed. See *Brown v. State*, 188 Ga. App. 184, 187 (372 SE2d 514) (1988).

"In *Illinois v. Gates*, [supra], the United States Supreme Court replaced the "two-pronged" test of *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) with a more flexible 'totality-of-the-circumstances' test, under which the existence of probable cause is determined by whether, 'given all the circumstances . . . , including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' *Illinois v. Gates*, supra, 462 U. S. at 238. [Cit.]" *State v. Watson*, 205 Ga. App. 313, 314 (422 SE2d 202) (1992). Here, the court focused on the State's need to make a showing about the informant's "basis of knowledge." The court also expressed some concerns about the informant's reliability, in light of the fact that ten communications had produced only one arrest.

In finding probable cause lacking, the court applied a more strict standard than the law requires. If the traffic stop was valid and Gilman's consent freely and voluntarily given, the motion should have been denied. See *State v. Holton*, 205 Ga. App. 434, 435-437 (1) (422 SE2d 295) (1992). "[P]robable cause is not . . . necessary to justify a brief investigative stop of an automobile. 'An individual's freedom to use public highways is circumscribed by the state's police power where the officer has specific and articulable facts which warrant a stop of the vehicle to investigate the circumstances which provoke a reasonable and founded suspicion. [Cit.] "(W)hat is a 'reasonable articulable ground' for the detention may be less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment. (Cit.)" [Cit.]' [Cit.]" *Watson*, supra at 314.

The fact that Roundtree did not himself receive the information from the informant but acted on information Watson gave him does not prevent the composition of a reasonable articulable ground to support the stop. See *Beck v. State*, 216 Ga. App. 532, 534-535 (1) (455 SE2d 110) (1995). The officers had received information from an informant who was known to them and thus had more indicia of reliability than if he had been an anonymous tipster. Compare *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990). See *Beck*, supra at 535 (1); *Bentley v. State*, 214 Ga. App. 580, 582 (2) (448 SE2d 479) (1994); *Burse v. State*, 209 Ga. App. 276, 277 (433 SE2d 386) (1993). In fact, the informant's previous information had led to a

drug arrest. He had related that he had seen the cocaine that very day at the dealership. The police had confirmed his statements about Gilman's attire, work place, time of leaving, and expected movements from the car dealership. See *Beck*, supra; *Bentley*, supra; *Watson*, supra. Under these circumstances, the police were justified in making the investigatory stop of Gilman's vehicle.

The cases Gilman relies upon for a contrary conclusion do not apply. *State v. Bryant*, 210 Ga. App. 319 (436 SE2d 57) (1993), required probable cause to support the search warrant, not articulable suspicion. *VonLinsowe v. State*, 213 Ga. App. 619 (445 SE2d 371) (1994), was decided not on the basis of information given by the anonymous informant and verified by the police but upon the issue of consent to search.

In view of the recited circumstances, Roundtree's uncontradicted testimony that Gilman had consented to the search, and Watson's testimony that he voluntarily produced the additional cocaine, the court erred in granting Gilman's motion to suppress.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 2, 1995.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellant.

*Franklin J. Hogue*, for appellee.