A07A2007. PERKINS v. THE STATE.
(655 SE2d 677)

SMITH, Presiding Judge.

In this interlocutory appeal, Helen Perkins contends the trial court erred by ruling before trial that she could not inform the jury of

the specific mandatory minimum sentence and fine for trafficking in cocaine. For the reasons set forth below, we affirm.

> The right of cross-examination is not abridged where examination is limited by the trial judge to relevant matters by proper questioning. Controlling the scope or extent of cross-examination is a matter resting within the sound discretion of the trial court and, in the absence of an abuse of discretion in controlling the scope or extent thereof, an appellate court will not interfere.

(Citations and punctuation omitted.) *Dooley v. State*, 221 Ga. App. 245, 247 (4) (470 SE2d 803) (1996).

The record before us shows that Perkins was charged with trafficking in cocaine and possession of a firearm during the commission of a felony. A police officer discovered the cocaine during a routine traffic stop for a seatbelt violation. Perkins was alone in a rental car leased by another person. The cocaine was found in a black duffel bag sitting on the floor in the rear passenger compartment after a drug dog alerted during a "free air sniff of the exterior" of Perkins's vehicle. The cocaine was wrapped in black electrical tape and was "sticking out of" the duffel bag.

During a motion to suppress hearing on an unrelated matter, defense counsel informed the trial court that Perkins's sole defense at trial would be that she was an innocent courier, or "blind mule," who transported the drugs with no knowledge that they were in the car. Defense counsel also asserted that the State planned to submit an expert witness who would testify about the use of "mules" and the value of the cocaine to show that Perkins "knew the cocaine was in the vehicle." No proffer was made of this predicted testimony.

Based on her "innocent mule" defense, Perkins sought permission from the trial court to cross-examine the State's expert about the mandatory minimum sentence for cocaine trafficking to demonstrate that a dealer would have an incentive to entrust the transport of valuable drugs to an innocent person. Specifically, that the penalty for drug trafficking is a mandatory minimum sentence of 25 years imprisonment with no probation or suspension, plus a mandatory minimum fine of $1,000,000. Perkins also sought permission to discuss details of the mandatory minimum sentence and fine during her opening statement.

In its written order, the trial court noted the general prohibition against informing the jury about the sentence that might be imposed in a noncapital case, "because the jury should not be influenced by any consideration of punishment in its deliberations concerning the defendant's guilt or innocence. [Cits.]" See generally *Bellamy v. State*,

272 Ga. 157 (527 SE2d 867) (2000). The trial court also recognized that the Georgia Supreme Court authorized a limited exception to this general rule in *State v. Vogleson*, 275 Ga. 637, 639-640 (1) (571 SE2d 752) (2002). In *Vogleson*, the Supreme Court held that "the trial court abused its discretion when it did not permit defense counsel to question a witness who is testifying for the State in exchange for a reduction in prison time about the witness's belief concerning the amount of prison time he is avoiding by testifying against the defendant. [Cits.]" Id. at 640. The Supreme Court reasoned that the general prohibition must "yield to the constitutionally-guaranteed right of confrontation. [Cit.]" Id. at 641 (2).

In so holding, the Supreme Court distinguished its previous decision in *Hodo v. State*, 272 Ga. 272, 275 (4) (528 SE2d 250) (2000), in which it held that "the defendant's constitutional right to confrontation was not violated when the trial court refused to permit defense counsel to question a witness for the State about the potential sentence the witness could face in light of the criminal conduct he had admitted while testifying." *Vogleson*, supra at 640. The Supreme Court found that the facts before it in *Vogleson* were very different from those in *Hodo*, because in *Hodo*,

> [d]efense counsel was not asking the witness about any deal he had struck with the State in exchange for his testimony, any charges pending against him, or any charges recently disposed of in conjunction with his testimony. Instead, defense counsel was asking the witness to speculate about the punishment that could be imposed upon him should the State decide to prosecute him for the criminal conduct he had admitted in his testimony.

*Vogleson*, supra at 640 (1).

This review of *Vogleson* and *Hodo* demonstrates that in *Vogleson*, the Supreme Court carved out a very limited exception to the general prohibition against evidence advising the jury about the specific sentence that might be imposed against the defendant: It can be admitted only during cross-examination of a State's witness who strikes a deal with the State to avoid prison time. See *Bosnak v. State*, 263 Ga. App. 313, 315-316 (2) (587 SE2d 814) (2003) (trial court did not abuse discretion by ruling that defendant could not question witness about a potential sentence when there were no pending charges).

In this case, the trial court noted that "there is no co-defendant who has been allowed to avoid punishment in exchange for his testimony" and denied Perkins's request to reference the specific

mandatory minimum sentence and fine for cocaine trafficking. The trial court did not completely deny Perkins's request, however, because it also ruled that

> the defendant will be allowed to make a limited evidentiary showing that there is a substantial mandatory minimum prison sentence and fine for cocaine trafficking and that this sentence may not be suspended, probated, deferred, or withheld. . . . The court will give a limiting instruction to the jury at the time this testimony is elicited. This will allow the defendant to present an evidentiary basis for the argument her counsel wishes to make and at the same time help to minimize the prejudicial effect this information might have on the jury's deliberations as to guilt or innocence.

Because this case does not fall within the limited exception created in *Vogleson*, supra, and is actually more analogous to the facts of *Hodo*, supra, the trial court did not abuse its discretion by denying Perkins's request to fully explore the specific amount of punishment faced by the hypothetical drug dealer for whom she was an alleged innocent mule.[1] Allowing evidence of the specific punishment in a case in which there is a hypothetical wrongdoer, who is not identified, not charged with a crime, not testifying, not subject to cross-examination, and who has not made a deal with the State in exchange for testimony against the defendant, would create a situation in which the exception swallows the general rule.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED DECEMBER 7, 2007.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.

---

[1] We note that the *only* issue before us in this interlocutory appeal is whether the trial court should have allowed the defendant to present evidence of the specific punishment and fine for cocaine trafficking. The propriety of the remainder of the trial court's order is not before us, and nothing in this opinion should be construed as an endorsement of the approach taken by the trial court.