## A09A1529. PERKINS v. THE STATE.

(685 SE2d 300)

MIKELL, Judge.

After a jury trial, Helen Yvette Perkins was convicted of trafficking in cocaine and possession of a firearm during the commission of a felony. Because the amount of cocaine involved was more than 400 grams of a mixture that was 70 percent pure, Perkins was sentenced to serve the mandatory minimum sentence of 25 years and ordered to pay a $1,000,000 fine in accordance with OCGA § 16-13-31 (a) (1) (C).[1] On appeal, Perkins argues that the trial court erred in forbidding an expert witness to testify about the specific mandatory, minimum sentence imposed for trafficking in cocaine. Perkins also challenges the sufficiency of the evidence and the denial of her motion to suppress. For the reasons that follow, we affirm the convictions.

1. This is the second appearance of this case in this court. In *Perkins v. State ("Perkins I")*,[2] Perkins filed an interlocutory appeal, raising the same argument that she raises herein, i.e., that the trial court should have allowed her to cross-examine the state's expert witness about the specific mandatory minimum sentence and fine for

---

[22] See id.

[1] Subsection (a) (1) (C) of the statute provides that

[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, . . . commits the felony offense of trafficking in cocaine and . . . shall be punished as follows: . . . (C) [i]f the quantity of the cocaine or the mixture involved is 400 grams or more, the person shall be sentenced to a mandatory minimum term of imprisonment of 25 years and shall pay a fine of $1 million.

[2] 288 Ga. App. 802 (655 SE2d 677) (2007).

trafficking in cocaine.[3] Perkins argued that this testimony was crucial to her ability to explain to the jury that a dealer would have an incentive to trust an innocent person to transport valuable drugs.[4] We found no error in the trial court's ruling.[5]

> Although the "law of the case" rule has been statutorily abolished, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be. OCGA § 9-11-60 (h). This law of the case rule ... applies ... to rulings made by appellate courts in criminal cases.[6]

Therefore, our earlier decision is controlling on this issue. Consequently, this enumerated error fails.

2. Perkins argues that the evidence was insufficient to support her conviction for trafficking in cocaine because the state established nothing more than her spatial proximity to the cocaine.[7] We disagree.

When an appellant challenges the sufficiency of the evidence to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[8] We do not weigh the evidence or resolve credibility issues.[9]

As stated in *Perkins I*, the record shows that

> [a] police officer discovered the cocaine during a routine traffic stop for a seatbelt violation. Perkins was alone in a rental car leased by another person. The cocaine was found in a black duffel bag sitting on the floor in the rear passenger compartment after a drug dog alerted during a

---

[3] Id. at 803.

[4] Id.

[5] Id. at 805.

[6] (Citation and punctuation omitted.) *Pierce v. State*, 278 Ga. App. 162, 163 (1) (628 SE2d 235) (2006).

[7] The only argument that Perkins raises in connection with her conviction for the possession of the firearm during the conviction of a felony is that she cannot be convicted thereof if her conviction on the trafficking charge is reversed. As discussed below, we find the evidence sufficient to affirm her conviction on the trafficking charge, thus there is nothing further to review on the possession of a firearm charge.

[8] (Punctuation and emphasis omitted.) *Selfe v. State*, 290 Ga. App. 857, 858 (1) (660 SE2d 727) (2008), quoting *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560 (1979).

[9] *Howard v. State*, 291 Ga. App. 289 (661 SE2d 644) (2008).

"free air sniff of the exterior" of Perkins's vehicle. The cocaine was wrapped in black electrical tape and was "sticking out of" the duffel bag.[10]

Perkins argues that the state could not show that she was in constructive possession of the cocaine when its only evidence was her spatial proximity to the drugs. In support of her argument, Perkins cites *Gillis v. State*,[11] for the proposition that constructive possession only results when a defendant knowingly has the power as well as the intention to exercise dominion over the object at issue.[12] In that case, however, we concluded the evidence was insufficient as to the defendant, who was the passenger in a vehicle, because there was no evidence offered to establish that he knew about the drugs, which were concealed beneath the passenger seat.[13] We stated that "[n]o presumption of possession based on ownership or control of the car . . . [could] be found."[14] In the instant case, however, Perkins was the sole occupant of the car. "If a person [is] driving an automobile or [has] an automobile in [her] possession, custody or control, all in that automobile [is] presumed to be [hers] and in [her] possession."[15]

> Such presumption may be rebutted by evidence that another person had equal access to the car and the contraband. But the equal access rule only applies where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. And the finder of fact must determine whether the equal access evidence sufficiently rebuts the presumption of possession.[16]

Perkins offered the testimony of several witnesses on the issue of her veracity, but none to rebut the presumption that the items found in the car belonged to her. Instead, she testified that she drove up to Atlanta with a friend to attend a party and was to be driven home the next day by another friend. According to Perkins, on the next day the second friend showed up with a car, but he did not accompany Perkins on the drive. Perkins testified that she never looked into the

---

[10] *Perkins*, supra at 803.

[11] 285 Ga. App. 199 (645 SE2d 674) (2007).

[12] Id. at 200 (1).

[13] Id. at 200-201 (1).

[14] (Citation omitted.) Id. at 200 (1).

[15] (Citation and punctuation omitted.) *Johnson v. State*, 195 Ga. App. 577, 578 (394 SE2d 359) (1990).

[16] (Punctuation and footnotes omitted.) *McGee v. State*, 287 Ga. App. 460, 461 (651 SE2d 546) (2007). See also *Davis v. State*, 272 Ga. App. 33, 34 (611 SE2d 710) (2005) (presumption exists that contraband was in exclusive ownership of owner or driver of car unless rebutted by evidence of equal access).

back of the car, where the bag that held the cocaine was sitting in plain view, or felt under the driver's seat, where the gun was located. The jury obviously did not believe her version of the events, which it was authorized to do.[17]

Officer Matthew Perry, who was assigned to the K-9 unit of the Henry County Police Department, testified that he stopped Perkins for a seatbelt violation; that Perkins told him that she was en route to Albany after visiting her cousin in Atlanta; that as they talked, Perkins's voice quivered, her hands shook, and she kept looking back and forth from the rear of the vehicle to the front; that she gave him an Ohio driver's license and was unable to provide proof of insurance or a rental car agreement; that he detected the odor of burnt marijuana coming from inside the vehicle; that he retrieved the dog to conduct a free air sniff; and that after his dog alerted at the vehicle, Perry noticed tears pouring down Perkins's face, which she attributed to the wind blowing in her face. Therefore, based on Perry's testimony and the fact that Perkins was the driver and sole occupant of the car when stopped, the evidence was sufficient to support the finding that Perkins had knowledge of the cocaine in the car and was guilty of trafficking in cocaine.[18]

3. In her third enumerated error, Perkins argues that her motion to suppress should have been granted because the drug detection dog's alert could not provide the basis for probable cause for the search of her vehicle in light of the officer's testimony that 35 percent of the dog's alerts were false. We disagree.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe

---

[17] See *Riley v. State*, 274 Ga. 342, 343 (1) (553 SE2d 797) (2001).

[18] See *Johnson*, supra. See also *Garvin v. State*, 283 Ga. App. 242, 243 (1) (641 SE2d 176) (2006) (trafficking conviction affirmed where dog alerted to vehicle during a free air search and cocaine was found under the hood).

the evidence most favorably to the upholding of the trial court's findings and judgment.[19]

We have "found the 'alert' of a trained narcotics dog, standing alone, sufficient to provide probable cause for the search of a vehicle."[20] "Evidence that a dog has been trained and certified as a drug detection dog constitutes prima facie evidence of its reliability for purposes of a probable cause determination."[21] Furthermore, we have rejected the argument that records of a drug dog's reliability are required to establish probable cause based on a dog's alert.[22] In the instant case, the state presented evidence that the dog was trained and certified to detect marijuana, methamphetamines, cocaine, and heroin. Perry testified that he had worked with the dog for two and a half years and that they were certified yearly as a team. The state also introduced into evidence the videotape of the stop, which showed the dog alerting at the vehicle.

We point out, too, that the record shows that the judge did not find probable cause to search Perkins's car based on the dog's alert alone. Officer Perry testified that he smelled burnt marijuana, and "[w]e have held that odor of burnt or burning marijuana constitutes sufficient probable cause to support the warrantless search of a vehicle."[23] "The existence of probable cause is determined by whether, given all the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[24] Therefore, considering the dog's alert, the smell of marijuana, and Perkins's demeanor, behavior and responses to the officer's questions, the trial court did not err in denying the motion to suppress.

4. In her last enumerated error, Perkins complains that the trial judge improperly took judicial notice of his own experience with the abilities of hunting dogs and argues that he improperly denied the motion to suppress based on his experience. In light of our holding in Division 3, this enumerated error fails.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[19] (Citations and punctuation omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[20] (Citations omitted.) *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999).

[21] (Citation and punctuation omitted.) *Rivera v. State*, 247 Ga. App. 713, 714 (1) (545 SE2d 105) (2001).

[22] Id. at 714-715 (1).

[23] (Footnote omitted.) *Somesso v. State*, 288 Ga. App. 291, 293 (2) (a) (653 SE2d 855) (2007).

[24] (Citation and punctuation omitted.) *Rivera*, supra at 715 (1), citing *State v. Gilman*, 218 Ga. App. 895, 897 (463 SE2d 720) (1995).

DECIDED AUGUST 18, 2009 —
RECONSIDERATION DENIED OCTOBER 15, 2009.

*Lee Sexton*, for appellant.
*Tommy K. Floyd, District Attorney, David E. Slemons, Assistant District Attorney*, for appellee.