A10A0144. HAGGARD v. THE STATE.
(690 SE2d 651)

BLACKBURN, Presiding Judge.

Following a jury trial, David Haggard appeals his conviction for trafficking in methamphetamine and other drug-related offenses, raising two enumerations of error. First, he challenges the sufficiency of the evidence, and second, he argues the trial court abused its discretion in restricting his cross-examination of a rebuttal witness. We hold that the evidence sufficed to sustain the conviction and that Haggard waived any complaint about the court's denying

him permission in cross-examination to put before the jury the minimum sentence for trafficking, which decision was within the court's discretion in any case. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[2]

So viewed, the evidence shows that on February 25, 2008, an officer pulled in behind a vehicle with three occupants, which vehicle had a brake light out and which had just turned into the parking lot of a tire store. A male in the passenger front seat exited the vehicle and walked into the store, passing no closer than five-to-six feet of a parked pickup truck. Keeping the male in his view the entire time, the officer ordered the other occupants to remain in the vehicle and followed the male into the store. The officer escorted the male out of the store, at which time the officer witnessed Haggard exit the vehicle from the back seat and approach and lean against the pickup truck with his back to the officer. After initially refusing to comply with the officer's command to turn around and to move away from the truck, Haggard gave the officer a confrontational look, causing the officer to draw his taser. Haggard put his arm into the bed of the truck, at which time the officer heard a thump. Haggard then walked toward the officer, who then had the female driver of the vehicle, the other male, and Haggard stand near the officer's patrol car while the officer inspected the bed of the truck. In the truck bed at the place where Haggard had placed his arm, the officer found a bag containing 40 grams of methamphetamine, marijuana, and another controlled substance. A search of the occupants' vehicle resulted in the discovery of syringes, a spoon with methamphetamine residue, and electronic scales.

All three individuals were indicted on six drug-related counts[3] (trafficking in methamphetamine,[4] possessing methamphetamine with intent to distribute,[5] possessing methamphetamine,[6] possessing

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] A seventh count was withdrawn at trial.

[4] OCGA § 16-13-31 (e).

[5] OCGA § 16-13-30 (b).

[6] OCGA § 16-13-30 (a).

504

marijuana,[7] possessing hydrocodone not in its original container,[8] and possessing hydrocodone illegally[9]). At Haggard's trial, he testified that although he had stood near the truck, he had not placed the bag of drugs in the truck bed. Because Haggard's defense was that the other male passenger had done so, the State called this passenger to testify in rebuttal, who stated that he had put no drugs in the truck bed. The jury found Haggard guilty on all counts, some of which the court merged at sentencing.

Citing OCGA § 24-4-6, Haggard challenges the sufficiency of the evidence, arguing that his conviction for trafficking was based solely on circumstantial evidence and that the State had failed to exclude other reasonable hypotheses of innocence inasmuch as some evidence showed that the other male passenger may have placed the drugs in the truck bed. Haggard not only ignores the other male passenger's trial testimony that he did not place the drugs in the truck bed, but also ignores the officer's testimony that the other passenger, whom the officer had in his sight the entire time, never came within five-to-six feet of the truck, and that the officer not only saw Haggard place his arm in the truck bed but heard an accompanying thump. Therefore, in light of this evidence, the jury was authorized to conclude that the circumstances excluded the hypothesis that the other passenger placed the drugs in the truck bed. See *Reason v. State*.[10]

2. Haggard complains that the trial court prevented him from asking the other male passenger what the minimum sentence for trafficking was. Not only did Haggard waive this complaint, but we discern no abuse of discretion in any case.

Because an earlier trial had resulted in a mistrial on a similar point, Haggard asked the court for a bench conference during his cross-examination of the other male passenger. Haggard indicated he wanted to ask the witness what he was charged with and what his understanding of his actual sentence was. The court noted that it was undisputed that the witness's sentence was not conditioned upon his testimony, and that the court wanted to make sure that Haggard would not get into the mandatory minimum sentence on trafficking. Haggard said that that was exactly what he wanted to ask. When the court responded, "You're not getting into that," Haggard replied, "All right. I don't have any questions."

When the trial court similarly limited the cross-examination of a

---

[7] OCGA § 16-13-30 (j) (1).
[8] OCGA § 16-13-75.
[9] OCGA § 16-13-30 (a).
[10] *Reason v. State*, 283 Ga. App. 608, 610 (1) (a) (642 SE2d 236) (2007).

witness in *Pinckney v. State*,[11] the Supreme Court of Georgia noted that the defendant "did not object to the trial court's ruling on the scope of his cross-examination." The Court concluded: "Because errors not raised in the trial court will not be heard on appeal, [defendant] has waived this argument." (Citation and punctuation omitted.) Id. at 459-460 (2). When Haggard was denied permission to ask about the minimum statutory sentence here, his failure to object to the court's ruling similarly waived the argument on appeal.

Even if we were to consider the argument, Haggard would not prevail. As stated in *Howard v. State*,[12] "such punishment information, offered directly [about the defendant], would be clearly inadmissible. . . ." (Citation omitted.) Although *State v. Vogleson*[13] "carved out a very limited exception to [this] general prohibition," *Perkins v. State*,[14] the Supreme Court has not applied the *Vogleson* exception where "the witness had not obtained a concrete benefit for [his] testimony by which an objective comparison could be made to [his] potential sentences." *Howard*, supra, 286 Ga. at 225 (2). See *Watkins v. State*.[15]

Here, as in *Howard*, the rebuttal witness "had no deal regarding his charges or sentences with the State in exchange for his testimony," and the trial court limited "only questions about the specific sentences that [the rebuttal witness] might face." Supra, 286 Ga. at 225 (2). The trial court did not prohibit Haggard from eliciting that the witness had been charged with the same crimes as Haggard nor whether those charges were still pending. Id. Nor did the court prevent Haggard from asking the witness "whether he hoped to gain favorable treatment on the charges due to his testimony," nor whether in any other way the witness felt favorably disposed to the prosecution. Id. at 226 (2). See *Watkins*, supra, 276 Ga. at 581-582 (3) ("trial court did not cut off all inquiry into the possible bias of [the witness] due to pending criminal charges" but limited inquiry only as to "the specific nature of the pending charges"). Compare *Hines v. State*[16] ("the trial court cut off in limine all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination") (punctuation omitted); *Owens v. State*[17] (trial court prohibited all inquiry into co-defendants' sentencing as a result of their pleas).

---

[11] *Pinckney v. State*, 285 Ga. 458, 459 (2) (678 SE2d 480) (2009).
[12] *Howard v. State*, 286 Ga. 222, 225 (2) (686 SE2d 764) (2009).
[13] *State v. Vogleson*, 275 Ga. 637, 639-640 (1) (571 SE2d 752) (2002).
[14] *Perkins v. State*, 288 Ga. App. 802, 804 (655 SE2d 677) (2007).
[15] *Watkins v. State*, 276 Ga. 578, 581 (3) (581 SE2d 23) (2003).
[16] *Hines v. State*, 249 Ga. 257, 260 (2) (290 SE2d 911) (1982).
[17] *Owens v. State*, 251 Ga. 313, 314 (1) (305 SE2d 102) (1983).

Georgia law is clear that

> trial courts retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant. In assessing whether the limits imposed by the trial court were reasonable, our task is to determine whether the jury had sufficient information to make a discriminating appraisal of the witness'[s] motives and bias.

(Citation and punctuation omitted.) *Watkins*, supra, 276 Ga. at 582 (3). In our opinion, the trial court did not abuse its discretion in denying Haggard permission to inquire as to the minimum statutory sentence for trafficking in methamphetamine, which was a crime on which Haggard was being tried.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED JANUARY 26, 2010 —
RECONSIDERATION DENIED FEBRUARY 25, 2010.

*James C. Wyatt*, for appellant.
*Leigh E. Patterson, District Attorney, Suhirjahaan S. Morehead, Assistant District Attorney*, for appellee.